UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KWESI MUHAMMAD,

Plaintiff,

v.

MARISOL HERNANDEZ, et al.,

Defendants.

Case No. 22-cv-01604-AMO (PR)

**ORDER DENYING DEFENDANTS' MOTION FOR COSTS AND DENYING REMAINING PENDING MOTIONS AS MOOT**

Re: Dkt. Nos. 43, 46

This is a closed federal civil rights action filed by Plaintiff Kwesi Muhammad, who represented himself. On August 19, 2025, the Court granted Defendants' summary judgment motion and entered judgment in favor of Defendants. Dkts. 41, 42. Now pending before the Court is Defendants' motion for costs, seeking $1,512.00 for Defendants' cost of litigation, including costs to depose Muhammad and various filing fees.[1] Dkt. 43-1 at 7-8. Muhammad has filed an objection to the motion for costs, arguing that this action was neither frivolous nor brought in bad faith, and imposing such costs would "chill future civil rights litigation." Dkt. 44 at 1-2. Muhammad also states that he is unable to pay the costs. *Id.* at 2.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While the rule creates a presumption in favor of awarding costs to a prevailing party, it also vests district courts with the discretion to refuse to award costs. *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). A district court "must state reasons for the denial of costs

---

[1] Defendants have also filed a motion for extension of time to file a reply to Muhammad's opposition to their motion for costs. Dkt. 43. Muhammad subsequently filed a motion for leave to file a surreply to Defendants' reply. Dkt. 46. Both motions are **DENIED** as moot because the Court did not consider the reply and surreply when deciding the motion for costs. Dkts. 43, 46.

so that the appellate court will be able to determine whether or not the trial court abused its discretion*." Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978).

A prevailing party is entitled to recover costs even in the case of indigent prisoner litigants. *Monroe v. U.S. Marshals*, 101 F.3d 706, 1996 WL 665147, at *2 (9th Cir. 1996). However, in a civil rights action, consideration of a plaintiff's limited resources is an appropriate reason for denial of costs. *Ass'n of Mexican-Am. Educator*s, 231 F.3d at 593. The court should also consider the financial resources of the plaintiff and the chilling effect on future similar actions. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *see also Nat'l Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982).

In *Draper v. Rosario*, the Ninth Circuit held that the district court abused its discretion when it awarded $3,018.35 against the plaintiff alleging Eighth Amendment violations in a state prison. *See* 836 F.3d 1072, 1089 (9th Cir. 2016). The Ninth Circuit found that individual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners, indicating that it is a case of substantial public importance. *Id.* at 1088. The Ninth Circuit also found that the case was close because the plaintiff's evidence was sufficient to survive summary judgment, leaving it to the jury to assess competing accounts of the alleged events. *Id.* The Ninth Circuit further reasoned that such a large cost award could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons. *Id.* "Many would-be litigants in Eighth Amendment excessive force cases . . . have virtually no resources. Even those with meritorious cases may choose not to risk an unsuccessful lawsuit that could add to the fees and costs associated with conviction and imprisonment." *Id.* Finally, the Ninth Circuit noted that district courts have routinely declined to award costs against prisoners representing themselves proceeding under similar circumstances, citing potential chilling effects. *Id.* at 1088-89 (citing *Baltimore v. Haggins*, No. 1:10-CV-00931-LJO, 2014 WL 804463, at *2 (E.D. Cal. Feb. 27, 2014) (denying $1,462.61 in costs and noting that potential chilling effect of being taxed with costs upon defeat cannot be ignored in indigent inmates' section 1983 cases)).

Here, the Court takes judicial notice of Muhammad's limited resources. The Court

United States District Court
Northern District of California

2

concludes that Muhammad's limited resources, combined with the possibility that the imposition of the award would have a chilling effect on civil rights litigants, render an award of costs against Muhammad inequitable. The Court therefore declines to award costs to Defendants and against Muhammad.

Accordingly, Defendants' motion for costs is **DENIED.** Dkt. 43. Defendants' motion for an extension of time to file a reply and Muhammad's motion for leave to file a surreply to Defendants' reply are **DENIED** as moot because the Court did not consider the reply and surreply when deciding the motion for costs. Dkts. 43, 46.

**IT IS SO ORDERED.**

Dated:    February 20, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**